BAKER ICE MACHINE COMPANY *v.* POWELL.

Opinion delivered July 13, 1925.

1. PRINCIPAL AND AGENT—EVIDENCE OF RELATION.—The relation of principal and agent cannot be shown by the declarations of the agent.

2. PRINCIPAL AND AGENT—DEALINGS BETWEEN—RIGHTS OF THIRD PARTY.—Even if the evidence established that a construction company was the agent of appellant, yet where a sale of goods was made by appellant directly to such construction company, and by mistake certain articles were included in the shipment which the construction company had not bought, appellee had no right to retain such goods upon the ground that the construction company was indebted to it by reason of a breach of contract.

Appeal from Washington Circuit Court; *W. A. Dickson,* Judge; reversed.

STATEMENT BY THE COURT.

Appellant brought this suit in the circuit court against appellees to recover possession of certain articles of personal property of the alleged value of $1,471.10. Appellees defended the suit on the ground that appellant had no title to the property sought to be recovered. On the 20th day of August, 1920, the Baker Ice Machine Company, Inc., entered into a contract in writing with the Moody Engineering Company, also a corporation, wherein it is recited that the latter is desirous of acting as the selling agent in the State of Arkansas for the sale of ice making and refrigerating equipment manufactured and sold by the former. The contract provided the terms upon which the material was to be sold by the Baker Ice Machine Company to the Moody Engineering Company. It also provided that the manufacturer would assist in advertising its goods in Arkansas, and the purchaser agreed to sell the equipment manufactured to the exclusion of similar equipment made by other manufacturers.

Subsequently the Moody Engineering Company entered into a written contract with the Arkansas Cold Storage & Ice Company, at Fayetteville, Ark., to install certain equipment in its ice manufacturing plant. On the 20th day of November, 1922, the Moody Engineering Company wrote to the Baker Ice Machine Company, at Omaha, Neb., a letter as follows:

"Gentlemen: Please enter this order for shipment in accordance with instructions given below. It is given with the understanding that shipment can be made. Kindly acknowledge receipt of same and give shipping date.

"Necessary coils with headers and fittings for 340-can outfit to fit tank in accordance with dimension print attached. Arrange to use approximately 6,300' of 1¼" pipe. Make coils in continuous bends with two sets of headers, one at each end of tank. Similar tank here in People's Ice and Fuel Company.

"With coil stands. See letter January 7, 1923.

"Remarks: Ship to us at Fayetteville, Arkansas."

The material was ordered by the Moody Engineering Company, to be used in filling its contract with the Arkansas Cold Storage & Ice Company. When the material arrived at Fayetteville, it was unloaded by the Arkansas Cold Storage & Ice Company, preparatory to being used in installing the equipment in its ice factory. Subsequently the Baker Ice Machine Company wrote to the Moody Engineering Company that it had included by mistake in the car of material about 6000 feet of pipe in the shape of return bends, which was not intended to be done. The letter requested the Moody Engineering Company to return the material which had been shipped by mistake, and gave an exact description of the material to be shipped back to it. The Moody Engineering Company attempted to ship this extra material back to the Baker Ice Machine Company, but was prevented by the Arkansas Cold Storage & Ice Company from doing so. When the shipment was received, the Arkansas Cold Storage & Ice Company advanced to the Moody Engineering Company the money with which to pay the freight and this included the material which is claimed by appellant was shipped by mistake.

In the contract between the Arkansas Cold Storage & Ice Company and the Moody Engineering Company, the latter describes itself as the factory representative of the Baker Ice Machine Company. During the progress of installing the equipment for the Arkansas Cold Storage & Ice Company, a payment of $3,000 was made to the Moody Engineering Company, which was described in the check used in making the payment as the factory representative of the Baker Ice Machine Company. Evidence was also introduced by appellees tending to show that the Moody Engineering Company did not comply with its contract with the Arkansas Cold Storage & Ice Company in installing said equipment, and that the latter was damaged thereby in an amount greater than the value of the equipment sought to be recovered in this action. Other evidence will be referred to in the opinion.

The jury returned a verdict in favor of appellees, and from the judgment rendered appellant has duly prosecuted an appeal to this court.

*Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*Walker & Walker,* for appellee.

HART, J., (after stating the facts). The sole ground relied upon for a reversal of the judgment is that the evidence is not legally sufficient to support the verdict, and in this contention we think counsel for appellant are correct.

We are of the opinion that there is no evidence in the record legally sufficient to show that the Moody Engineering Company was the selling agent of appellant at the time the transaction in question was had, and, even if the Moody Engineering Company had been the selling agent of appellant, that would not help the case of appellees any, because the sale of the articles sought to be recovered by appellant was made directly to the Moody Engineering Company. In the contract between the Moody Engineering Company and the Arkansas Cold Storage & Ice Company the former designates itself as the factory representative of the Baker Ice Machine Company; but this representation did not affect appellant.

It is well settled in this State that the relation of principal and agent cannot be shown by the declarations of the agent. *Moore v. Ziba Bennett & Co.,* 147 Ark. 216. The designation by the Moody Engineering Company that it was the factory representative of the Baker Ice Machine Company in its written contract with the Arkansas Cold Storage & Ice Company could amount to no more than a declaration of its agency for the Baker Ice Machine Company. The latter could not be affected by this declaration because it was not a party to the contract, and it is not shown that it had any knowledge that such representation had been made.

For like reason, the writing in the check from the Arkansas Cold Storage & Ice Company to the Moody En-

gineering Company that the latter was the factory representative of the Baker Ice Machine Company amounted to no more than a declaration of its agency. It is not shown that the Baker Ice Machine Company ever saw the check or knew that any representation of agency had been written in it.

Even if it should be conceded that the proof was sufficient to establish such agency, this would not help the case of appellees. The reason is that the sale of the material in question was made directly by the Baker Ice Machine Company to the Moody Engineering Company, and the former had as much right to sell to its agent as it did to any third person.

The Arkansas Cold Storage & Ice Company was not a party to the contract, and the fact that the material purchased by the Moody Engineering Company was to be used in its ice factory did not in any sense make the Arkansas Cold Storage & Ice Company a party to the contract or give it any rights thereunder. The order for the material or equipment was in writing signed by the Moody Engineering Company and was sent by it directly to the Baker Ice Machine Company. The Arkansas Cold Storage & Ice Company was not referred to in the contract, and the fact that the equipment purchased was to be installed in its factory did not give it any rights under the contract.

It is true that the car of material was unloaded at the plant of the Arkansas Cold Storage & Ice Company, and that the freight was paid by the latter company. The payment of the freight, however, was merely an advance of money by the Arkansas Cold Storage & Ice Company to the Moody Engineering Company under its contract for installing the equipment in its plant. Therefore, the advancement of the money with which to pay the freight did not give the Arkansas Cold Storage & Ice Company any rights under the contract. The car of material was consigned directly to the Moody Engineering Company at Fayetteville, Ark., and the Arkansas Cold Storage & Ice

Company was not considered in the matter at all by the Baker Ice Machine Company. Under these circumstances the fact that the material was unloaded at the plant of the Arkansas Cold Storage & Ice Company did not give it any rights in the premises.

The undisputed evidence shows that the material in question was included in the shipment by the mistake of the shipping clerk of appellant. This fact is testified to, not only by the agents of appellant, but by the president of the Moody Engineering Company. It is true that the material was suitable for use in the plant of the Arkansas Cold Storage & Ice Company, but it was not necessary. The material was laid out for a job very similar to the one for the Arkansas Cold Storage & Ice Company, but it was not needed for that job and was in addition to the material which was ordered for that job by the Moody Engineering Company. While it was suitable for the job, it was practically a duplication of that which was ordered and used on the job and was not needed or used at all. It was included in the shipment made by appellant to the Moody Engineering Company by mistake, and the Arkansas Cold Storage & Ice Company had no right to prevent the Moody Engineering Company from returning the articles because that company had failed to comply with its contract, or for any other reason. The undisputed evidence shows that the material in question was shipped by appellant by mistake to the Moody Engineering Company, and the Arkansas Cold Storage & Ice Company had no right at all to prevent its return or to keep it.

The result of our views is that the court erred in not directing a verdict for appellant under the evidence introduced, and for that error the judgment must be reversed, and the cause will be remanded for a new trial.